# Exhibit B

# First Amended Complaint

Electronically Filed
6/14/2018 3:40 PM
Steven D. Grierson
CLERK OF THE COURT

LLOYD W. BAKER, ESQ.
Nevada Bar No.: 6893
CHRIS L. CAWLFIELD, ESQ.
Nevada Bar No.: 13668
**BAKER LAW OFFICES**
500 S. Eighth Street
Las Vegas, NV 89101
Telephone: (702) 360-4949
Facsimile: (702) 360-3234
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MANUELA ESTRADA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ACUITY A MUTUAL INSURANCE COMPANY, a Wisconsin corporation; and DOES I through X, and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: A-18-775184-C <br> Dept. No.:XXXI <br><br> **FIRST AMENDED COMPLAINT** |

COMES NOW Plaintiff, MANUELA ESTRADA, by and through her attorneys of record, BAKER LAW OFFICES, and complains and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, MANUELA ESTRADA, (hereinafter referred to as "Plaintiff") is, and was at all times mentioned herein, a resident of Clark County, Nevada.

2. Defendant, ACUITY A MUTUAL INSURANCE COMPANY, (hereinafter referred to as "ACUITY") is, and was at all times mentioned herein, a Wisconsin corporation authorized to do business in Clark County, Nevada.

3. That all the facts and circumstances that give rise to the subject lawsuit occurred in the County of Clark, State of Nevada.

////

4. The true names and capacities of Defendants named herein as DOES I through X and ROE CORPORATIONS I through X, inclusive, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants so designated is responsible in some manner for the events and occurrences alleged herein, and Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through X and/or ROE CORPORATIONS I through X inclusive, when the same have been ascertained and to join such Defendants in this action.

5. At all material times, Defendants, and each of them, were individuals and/or entities who were, and are agents, masters, servants, employers, employees, owners, managers, joint venturers, representatives and/or business associates with respect to the other named Defendants, and with respect to each other, and were residents, doing business and/or acting within the course and scope of the insurance authority in Clark County, Nevada, as such agents, masters, servants, employers, employees, owners, managers, joint ventures, representatives and/or business associates, and with the consent knowledge, authorization, ratification, and permission of each other.

6. At all times relevant hereto, Defendants, and each of them, were responsible for the acts and omissions of themselves and each other Defendant and held a special relationship with the other Defendants and with others, non-delegable in nature, and subject to peculiar and high risk for a breach thereof.

7. On or about August 23, 2016, Plaintiff was at a complete stop on Rampart Boulevard in Las Vegas, Nevada when the 3rd party defendant, David Alonso, who was insured with GEICO Insurance, rear ended Plaintiff.

8. As a direct and proximate result of David Alonso's negligent operation of his vehicle, he caused a traffic collision with Plaintiff, resulting in severe injuries to Plaintiff's body.

9. At all relevant times, Alonso's liability insurance coverage through GEICO Insurance was Fifteen Thousand Dollars ($15,000.00) per person, per occurrence.

Page 2 of 10

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

DEF-B0003

10. At all relevant times, Defendant ACUITY was aware that Alonso's liability insurance through GEICO Insurance was Fifteen Thousand Dollars ($15,000.00) per person, per occurrence.

11. At all relevant times, Plaintiff was covered under an automobile insurance policy with Defendant ACUITY, which was in effect on or about August 23, 2016 which included, among other coverages, liability, collision, and under-insured motorist coverage.

12. At all relevant times, Defendant ACUITY identified the insurance contract that covered Plaintiff as policy number 4416573915 and claim number 05483604001101017.

13. On or about August 29, 2016, Plaintiff provided Defendant ACUITY with notice of Plaintiff's claim and a request for Plaintiff's pertinent policy information.

14. On or about December 27, 2017 Plaintiff provided Defendant ACUITY with all of Plaintiff's pertinent medical records from the above-referenced auto accident, including numerous radiographs evidencing objective injury to the Plaintiff, and an accounting of Plaintiff's medical bills related to the subject motor vehicle accident, and demanded her under-insured policy limits in the amount of Fifty Thousand Dollars ($50,000).

15. The demand sent on December 27, 2017 provided medical evidence that the Plaintiff suffered severe and debilitating injury from the subject motor vehicle accident.

16. That Plaintiff's already incurred medical bills because of this motor vehicle accident total $38,117.59.

17. That Plaintiff continues to suffer pain and injury from the subject motor vehicle accident, and will continue to need future medical care and treatment.

18. That because of Alonso's negligence, Alonso's liability insurance carrier, GEICO Insurance, paid Plaintiff the liability policy limits in the amount of Fifteen Thousand Dollars ($15,000.00).

19. That despite demand for the same with ample supporting medical evidence and bills, Defendant ACUITY has refused and continues to refuse to pay Plaintiff the policy limits of the under-insured motorist provision of the insurance policy.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

DEF-B0004

20. That despite specific written requests from Plaintiff, Defendant ACUITY has failed to provide Plaintiff with the pertinent policy documentation.

21. That Plaintiff established legal entitlement to the under-insured motorist proceeds, but despite the same, Defendant ACUITY has refused and continues to refuse to provide Plaintiff with the applicable under-insured policy limits.

22. That Defendant ACUITY's conduct regarding its obligation to Plaintiff, its insured, has been unreasonable.

23. That Defendant ACUITY has breached its contract with Plaintiff by failing to honor the terms of the under-insured motorist provision in the applicable insurance policy.

24. That Defendant ACUITY has acted in bad faith in relation to its obligations to Plaintiff, and that Plaintiff has suffered harm because of the bad faith.

25. Defendant ACUITY has failed and/or refused to respond to Plaintiff's communications.

26. Defendant ACUITY has improperly delayed investigations related to Plaintiff's claim.

27. Defendant ACUITY has failed to confirm or deny Plaintiff's coverage under the policy.

28. Defendant ACUITY has failed to settle Plaintiff's claim promptly, even after Defendant ACUITY's liability became reasonably clear.

29. Defendant ACUITY has refused and continues to refuse to pay Plaintiff a fair amount for her claim, even though it is clear that a legal suit filed by Plaintiff would settle for a similar amount.

30. That on or about April 3, 2018, Plaintiff's counsel, Christopher L. Cawlfield, emailed and faxed a letter to Armella Miller, the handling claims adjustor for Defendant, advising her that due to Defendant's unreasonable offer, litigation would commence shortly. The letter also asked if ACUITY needed any additional information to assist with the claim process before litigation in initiated. Plaintiff's counsel received no response to the April 3, 2018 letter.

DEF-B0005

1      31.    That on or about April 19, 2018, ACUITY informed Plaintiff that her insurance coverage would now be cancelled. Upon information and belief, ACUITY insurance retaliated against Plaintiff after Plaintiff's counsel sent the April 3, 2018 letter informing ACUITY that litigation would begin shortly. This action is clear bad faith against Plaintiff.

    32.    As a result of Defendant ACUITY's intentional, negligent, malicious and/or oppressive denial of Plaintiff's demand for her under insured policy limits, Plaintiff has suffered severe hardships related to the costs he has incurred for the subject accident.

### FIRST CAUSE OF ACTION

### (Breach of Contract)

    33.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 32 above, as though set forth fully herein.

    34.    Defendant ACUITY, and each of the Defendants, entered into a contract with Plaintiff, or for the benefit of Plaintiff, wherein they agreed to provide insurance coverage, including, but not limited to, underinsured motorist coverage, to Plaintiff.

    35.    That at all relevant times, Plaintiff was insured under an automobile insurance contract with Defendant ACUITY, and each of the Defendants.

    36.    Defendant ACUITY, and each of the Defendants, breached said contract by wrongfully denying reasonable payment to Plaintiff under her under insured motorist coverage.

    37.    As a direct and proximate result of Defendant ACUITY's breach of contract, Plaintiff has incurred expenses and damages in excess of Fifteen Thousand ($15,000.00).

    38.    That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant ACUITY, reasonable attorney's fees, interest, and costs of suit.

### SECOND CAUSE OF ACTION

### (Unfair Insurance Practices)

    39.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 above, as though set forth fully herein.

. . .

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

DEF-B0006

40. Plaintiff has respectfully requested this matter be settled for a fair amount, which Defendant ACUITY refused, thereby forcing Plaintiff to file this complaint.

41. That Defendant ACUITY unfairly failed to recognize and honor the mandates of NRS 687B.145(2) by failing to pay benefits to fully compensate Plaintiff for her injuries as a result of the accident caused by an under insured, at-fault motorist.

42. That at all relevant times, there exists in the State of Nevada the following statute, in pertinent part:

> NRS 686A.310 Unfair practices in settling claims; liability of insurer for damages
>
> 1. Engaging in any of the following activities is considered to be an unfair practice:
>
>    e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.
>
>    f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.
>
>    l) Failing to settle claims promptly, where liability has become reasonably clear, under on portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.
>
> 2. In addition to any rights or remedies available to the Commissioner, an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set for in subsection 1 as an unfair practice.

43. That Defendant ACUITY has failed to provide reasonable basis for its unreasonable evaluation of Plaintiff's claim under her under-insured motorist policy, despite repeated requests. That such action constitutes a derogation of NRS 686A.310 in that it is dilatory, unfair, and inequitable.

44. That Defendant ACUITY committed unfair insurance practices by failing to recognize and pay the value of the claim in a mutually consensual, prompt, fair, and efficient manner and has forced Plaintiff to institute litigation to obtain money due under the policy.

45. That Defendant ACUITY's inactions and wrongful evaluation of Plaintiff's claim under her under insured motorist policy constitute unfair insurance practices as set forth under the Unfair Insurance Practices Act of Nevada.

46. That such actions by Defendant ACUITY were willful, wanton, and malicious. That as a proximate result of the willful, wanton, and malicious unfair insurance practices of Defendant ACUITY Plaintiff has suffered damages in excess of Fifteen Thousand Dollars ($15,000.00).

47. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant ACUITY reasonable attorney's fees, interest, and costs of suit.

## THIRD CAUSE OF ACTION

### (Contractual Breach of Implied Covenant of Good Faith and Fair Dealing)

48. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 47 above, as though set forth fully herein.

49. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

50. ACUITY breached its duty of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions of Plaintiff's policy. Furthermore, ACUITY acted in bad faith when it discontinued Plaintiff's insurance coverage after receipt of the April 3, 2018 letter from Plaintiff's counsel advising of pending litigation. Such actions were in violation of the duty of good faith and fair dealing.

51. Plaintiff has been damaged by ACUITY's breach of the implied covenant of good faith and fair dealing in a sum in excess of Fifteen Thousand Dollars ($15,000).

52. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant ACUITY attorney's fees, interest, and costs of suit.

. . .

DEF-B0008

## FOURTH CAUSE OF ACTION

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)**

53. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 52 above, as though set forth fully herein.

54. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

55. ACUITY owed a duty of good faith and fair dealing to Plaintiff.

56. There was a special element of reliance between Plaintiff and ACUITY where ACUITY was in a superior or entrusted position.

57. ACUITY breached its duty of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions of Plaintiff's policy.

58. ACUITY also breached its duty of good faith and fair dealing by notifying Plaintiff they cancelled her insurance coverage after receipt of the April 3, 2018 letter from Plaintiff's counsel advising of pending litigation against ACUITY.

59. Plaintiff's justified expectations were denied by ACUITY.

60. Plaintiff has been damaged by ACUITY's breach of the implied covenant of good faith and fair dealing in a sum in excess of Fifteen Thousand Dollars ($15,000).

61. As ACUITY's tortious breach of the implied covenant of good faith and fair dealing was oppressive, fraudulent and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

62. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant ACUITY reasonable attorney's fees, interest, and costs of suit.

## FIFTH CAUSE OF ACTION

**(Declaratory Relief)**

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as though set forth fully herein.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

DEF-B0009

64. Under Nev. Rev. Stat. § 30.010 et seq., the Uniform Declaratory Judgment Act, any person interested under a written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any questions of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

65. A justiciable controversy exists as Plaintiff has asserted claims of right to indemnification for her losses from Defendant ACUITY, and Defendant ACUITY has an interest contesting Plaintiff's claims of right.

66. Plaintiff has a legally-protectable interest in the controversy, i.e., her right to indemnification from Defendant ACUITY.

67. The issue involved in the controversy is ripe for judicial determination because there is substantial controversy, among parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

68. Accordingly, Plaintiff requests a declaratory judgment that Defendant ACUITY owes him a duty to indemnify him on her uninsured/underinsured claim.

69. Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, are entitled to an award of costs and reasonable attorneys' fees incurred herein.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Special damages in an amount in excess of $15,000;
2. General damages in an amount in excess of $15,000;
3. Prejudgment interest on awarded damages;
4. Punitive and/or exemplary damages;
5. A declaratory judgment;

. . .

. . .

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

DEF-B0010

6. Attorney's fees and costs incurred herein; and

7. Such further relief as the Court may deem just and proper.

DATED this 13th day of June, 2018.

                        BAKER LAW OFFICES

                        */s/ CHRIS CAWLFIELD*
                        LLOYD W. BAKER, ESQ.
                        Nevada Bar No.: 6893
                        CHRIS CAWLFIELD, ESQ.
                        Nevada Bar No.: 13669
                        500 S. Eighth Street
                        Las Vegas, Nevada 89101
                        Telephone: (702) 360-4949
                        Facsimile: (702) 360-3234
                        lit@bakerattorneys.net
                        Attorney for Plaintiff

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

DEF-B0011